UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BARBARA COOPER,

       Plaintiff,

v.                       Case No: 2:23-cv-00028-JES-NPM

MILLIMAN, INC.,

       Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on Barbara Cooper's (Plaintiff or Cooper) and Milliman, Inc.'s (Defendant or Milliman) cross-motions for summary judgment. (Docs. ##78, 84.) Both parties filed Responses in Opposition (Docs. ##86, 88) and Replies. (Docs. ##90, 93.) For the reasons set forth below, both motions are granted in part and denied in part.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law.

<u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" <u>Hickson Corp. v. N. Crossarm Co., Inc.</u>, 357 F.3d 1256, 1260 (11th Cir. 2004)(quoting <u>Anderson</u>, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007); <u>Tana v. Dantanna's</u>, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." <u>St. Charles Foods, Inc. v. America's Favorite Chicken Co.</u>, 198 F.3d 815, 819 (11th Cir. 1999)(quoting <u>Warrior Tombigbee Transp. Co. v. M/V Nan Fung</u>, 695 F.2d 1294, 1296-97 (11th Cir. 1983)(finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." <u>Allen v. Bd. of Pub. Educ.</u>, 495 F.3d 1306, 1315 (11th Cir. 2007).

The principles governing summary judgment do not change when the parties file cross-motions for summary judgment. See Am. Bankers Ins. Grp. v. United States, 408 F.3d 1328, 1331 (11th Cir. 2005). Cross-motions for summary judgment are to be treated separately, "view[ing] the facts 'in the light most favorable to the non-moving party on each motion.'" Cowen v. Sec'y of Ga., 22 F.4th 1227, 1231 (11th Cir. 2022) (quoting Chavez v. Mercantil Commercebank, N.A., 701 F.3d 896, 899 (11th Cir. 2012)). Ultimately, "[w]hen parties jointly move for summary judgment, the court has three options: granting summary judgment for the plaintiff under the defendant's best case, granting summary judgment for the defendant under the plaintiff's best case, or denying both motions for summary judgment and proceeding to trial." FCOA LLC v. Foremost Title & Escrow Servs. LLC, 57 F.4th 939, 959 (11th Cir. 2023).

**II.**

This is a Fair Credit Reporting Act (FCRA) case. Briefly stated, the summary judgment record establishes the following undisputed material facts:

In October 2022, Cooper applied for insurance with a non-party insurance company (the Insurer). As part of its evaluation process, the Insurer requested a consumer report from Milliman. Milliman, whom the parties agree is a Consumer Reporting Agency pursuant to the FCRA, was furnished with Plaintiff's prescription

and medical history by Anthem, a non-party data furnisher. Milliman compiled the report and sent it the Insurer. The Insurer then denied Plaintiff's application based on her "prescription and/or medical history." (Doc. #84-4, p. 2.)[1]

Plaintiff obtained a copy of the report from Milliman and disputed its accuracy. Among other errors, the report showed Plaintiff was prescribed flecainide acetate by Dr. Newton Wiggins and multiple fillings of that prescription by Plaintiff. As it turned out, this erroneous information attributed to Plaintiff actually concerned another person with the same first name, last name, and date of birth as Plaintiff. Milliman removed the inaccurate information within thirty days and applied its internal blocking protocol to prevent the removed information from reappearing in future reports.

Plaintiff reapplied and the cycle began anew. The Insurer requested a new report from Milliman. Milliman was furnished with Plaintiff's prescription and medical history by Anthem, compiled a report, and sent it the Insurer. The Insurer then auto-declined Plaintiff's application because the report still showed Plaintiff had received a flecainide acetate prescription by Dr. Wiggins. However, the Insurer was able to compare the new report with the

---

[1] Plaintiff labeled this exhibit as "Exhibit 3." However, the exhibit appears on the Court's CM/ECF system as Exhibit 4. The Court will cite each exhibit herein by the numerical number assigned to it by the Court's CM/ECF system.

old-but-revised report and determine the flecainide acetate prescription by Dr. Wiggins did not actually relate to Plaintiff. The Insurer then overturned the auto-decline and approved Plaintiff's application. This lawsuit followed.

## II.

Plaintiff filed a two-count Complaint against Milliman alleging violations of two separate FCRA provisions. Count I alleges violation of 15 U.S.C. § 1681e(b), which requires Milliman to "follow reasonable procedures to assure maximum possible accuracy of the information" in Plaintiff's consumer report. Id. Count II alleges violation of 15 U.S.C § 1681i, which pertinently requires Milliman to "maintain reasonable procedures designed to prevent the reappearance in a consumer's file, and in consumer reports on the consumer, of information that is deleted pursuant to th[e statute's] paragraph." Id. § 1681i(a)(5)(C). Plaintiff alleges Milliman either willfully or negligently violated these provisions. (Doc. #1, ¶¶ 134-35, 148-49.)

Both Cooper and Milliman now move for summary judgment.

### A. Milliman's Motion for Summary Judgment (Doc. #78)

Milliman argues that the Court must enter a judgment dismissing both counts because, as a matter of law, Plaintiff cannot show that: (1) Milliman failed to follow reasonable procedures pursuant to § 1681e(b); (2) Milliman failed to follow reasonable reinvestigation procedures or reinserted previously

deleted information in violation of § 1681i; (3) she suffered any damages; and (4) that any violation was willful. Plaintiff responds that Milliman has failed to establish there are no genuine issues of material fact regarding these issues.

### 1. Count I: Violation of 15 U.S.C. § 1681e(b).

"The Fair Credit Reporting Act requires consumer reporting agencies to 'follow reasonable procedures to assure maximum possible accuracy of the information' in consumers' credit reports." Santos v. Healthcare Revenue Recovery Grp., LLC., 90 F.4th 1144, 1151 (11th Cir. 2024)(quoting 15 U.S.C. § 1681e(b)). To succeed on a § 1681e(b) claim, plaintiff must show: (1) the agency's report contained factually inaccurate information; (2) the procedures the agency took in preparing and distributing the report were not reasonable; and (3) damages followed as a result. Losch v. Nationstar Mortg. LLC, 995 F.3d 937, 944 (11th Cir. 2021).

Each of Milliman's arguments as to Count I will be addressed in turn.

### (a) Reasonableness of Preparation and Distribution Procedures

Because both parties agree that both reports contained factually inaccurate information, the analysis begins with the second element of § 1681e(b)—whether Defendant's procedures in preparing and distributing the reports were reasonable.

As a threshold matter, the parties disagree on who has the

burden of proof as to reasonableness: must Plaintiff show the procedures were unreasonable, or must Defendant show that the procedures were reasonable? The dispute stems from the following language in <u>Cahlin v. Gen. Motors Acceptance Corp.</u>, 936 F.2d 1151, 1156 (11th Cir. 1991):

> In order to make out a prima facie violation of section 607(b), the Act implicitly requires that a consumer must present evidence tending to show that a credit reporting agency prepared a report containing "inaccurate" information. If he fails to satisfy this initial burden, the consumer, as a matter of law, has not established a violation of section 607(b), and a court need not inquire further as to the reasonableness of the procedures adopted by the credit reporting agency. The Act, however, does not make reporting agencies strictly liable for all inaccuracies. *The agency can escape liability if it establishes that an inaccurate report was generated by following reasonable procedures*, which will be a jury question in the overwhelming majority of cases.

<u>Id.</u>, <u>superseded by statute on other grounds as recognized in</u> <u>Santos</u>, 90 F.4th at 1156 (emphasis added)(internal footnotes omitted). <u>See also</u> <u>Jackson v. Equifax Info. Services, LLC</u>., 167 Fed. Appx. 144, 146 (11th Cir. 2006). At least one circuit court of appeals has found this language to create ambiguity:

> The language from . . . <u>Cahlin</u> may be interpreted in two different ways. A broader reading is that, once a plaintiff demonstrates inaccuracies in a credit report, the burden shifts to the defendant to prove as an affirmative defense the presence of reasonable procedures.
>
> A somewhat narrower, and more plausible, reading is that a plaintiff may present his case to the jury on the issue of reasonable procedures merely by showing an

inaccuracy in the consumer report and nothing more, but the burden does not shift to the defendant.

Philbin v. Trans Union Corp., 101 F.3d 957, 965 (3d Cir. 1996)(internal citation omitted).

Cooper argues that because she has shown factual inaccuracies in the reports, Milliman has the burden at the summary judgment stage, and will have the burden at trial, of showing the reasonableness of its procedures. (Doc. #86, pp. 8-9.) Milliman replies that the burden of showing unreasonableness is on Cooper. (Doc. #90, p. 2.) The Court agrees with Milliman.

If there is an ambiguity, the Court is "obligated, if at all possible, to distill from apparently conflicting prior panel decisions a basis of reconciliation and to apply that reconciled rule." Acheron Cap., Ltd. v. Mukamal as Tr. of Mut. Benefits Keep Pol'y Tr., 22 F.4th 979, 993 (11th Cir. 2022) (quoting Corley v. Long-Lewis, Inc., 965 F.3d 1222, 1230 (11th Cir. 2020)). Eleventh Circuit decisions after Cahlin have reconciled the issue. While citing Cahlin, Losch stated that it is "the plaintiff [who] must show that the agency's . . . procedures . . . in preparing and distributing the report weren't 'reasonable' . . . ." Losch, 995 F.3d at 944 (citing Cahlin 936 F.2d at 1156). Losch eventually went to trial and, upon another appeal, the Eleventh Circuit "reject[ed] the argument that the district court erred in instructing the jury that [plaintiff] had the burden of establishing that [defendant] acted unreasonably." Losch v.

Nationstar Mortg. LLC, No. 22-12421, 2024 WL 1282459, at *2 (11th Cir. Mar. 26, 2024).[2] The Eleventh Circuit persuasively explained that the published Losch opinion and other circuits "have held that it is the plaintiff in an FCRA case who must demonstrate that the agency's procedures were not reasonable." Id. Plaintiff's arguments to the contrary are rejected.

Next, Milliman argues that Cooper has not, and cannot, satisfy her burden of showing Milliman's procedures were unreasonable. Milliman asserts that the evidence demonstrates as a matter of law that the procedures were reasonable. Plaintiff counters that whether Milliman's procedures were reasonable pursuant to § 1681e(b) is a question best left for a jury. The Court agrees with Milliman as to the first report and with Plaintiff as to the second report.

As to the first report, Milliman persuasively argues that Plaintiff fails to show Milliman had a reason to know Anthem's data was unreliable. (Doc. #78, p. 14.) "[I]n the overwhelming majority of cases," whether a credit-reporting agency acted reasonably under the FCRA will be a jury question. Losch, 995 F.3d at 944 (quoting Cahlin, 936 F.2d at 1161). But the Eleventh Circuit has adopted the Seventh Circuit's rule that "a reporting agency's

---

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." Bonilla v. Baker Concrete Const., Inc., 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

procedures will not be deemed unreasonable unless the agency has a reason to believe that the information supplied to it by a data furnisher is unreliable." Id. at 945 (citing Sarver v. Experian Info. Sols., 390 F.3d 969, 972 (7th Cir. 2004)). Sarver held that, "as a matter of law," a credit reporting agency's procedures were not unreasonable "unless the agency receive[d] notice of systemic problems" with the data furnisher's information. Id., 390 F. 3d at 972.

Fatally, Plaintiff does not offer any evidence that Milliman was on notice that Anthem's information was unreliable before the first report. See Chaitoff v. Experian Info. Sols., Inc., 79 F.4th 800, 816-17 (7th Cir. 2023)(affirming summary judgment on § 1681e(b) claim partly because "[plaintiff] did not offer any evidence suggesting that [the credit reporting agency] knew . . . that there were systemic problems with [the data furnisher]'s data."). Plaintiff only alleges that Milliman was on notice *after* the first report. (See Doc. #86, p. 15)("Plaintiff's dispute . . . put [Defendant] on notice . . . ."); (id. at p. 22)("[A]fter Plaintiff's dispute, [Defendant] knew that the information from Anthem did not belong to Plaintiff. Thereafter, [Defendant] had notice that Anthem was an unreliable source of information concerning Plaintiff."). Accordingly, Milliman's procedures as to the first report could not have been unreasonable pursuant to § 1681e(b) as a matter of law. See Losch, 995 F.3d at 945 n.6 ("To

the extent that any of [plaintiff]'s claims under § 1681e alleges that [credit reporting agency] acted unreasonably in preparing any credit reports before he informed it of the relevant inaccuracy, the district court properly granted [the credit reporting agency] summary judgment for that claim.").

As to the second report, Plaintiff persuasively argues that reasonableness is a question best left for the jury because the Court cannot say Milliman's procedures were reasonable as a matter of law. Unlike the first report, the second report is unaffected by the Eleventh Circuit's adopted rule because Milliman had been placed on notice of Anthem's inaccurate information as to Plaintiff by the time it prepared and distributed the second report. And "when a 'credit reporting agency . . . has been notified of potentially inaccurate information in a consumer's credit report[,] [it] is in a very different position than one who has no such notice.'" Id. at 945 (quoting Henson v. CSC Credit Servs., 29 F.3d 280, 286–87 (7th Cir. 1994)); see also Hammoud v. Equifax Info. Servs., LLC, 52 F.4th 669, 675 (6th Cir. 2022)("The calculus changes, however, once the consumer raises concerns that their information may be inaccurate." (citing Henson, 29 F.3d at 285; Losch, 995 F.3d at 945)). Despite being on notice that Anthem's information as to Plaintiff may be inaccurate, Milliman still relied on Anthem's information to produce the second report. The summary judgment record shows that the second report comfortably

falls within "the overwhelming majority of cases" and creates a jury issue. Cahlin, 936 F.2d at 1156.

### (b)  Damages

The third element of a § 1681e(b) claim is damages and Milliman disputes it too. Milliman argues that Cooper did not suffer any economic or non-economic damages, and therefore her claims must be dismissed with prejudice. The Court disagrees.

The FCRA creates a private right of action "for the negligent, see 15 U.S.C. § 1681o, or willful, see 15 U.S.C. § 1681n, violation of any duty imposed under the statute." Collins v. Experian Info. Sols., Inc., 775 F.3d 1330, 1333 (11th Cir. 2015). For willful violations, plaintiffs can recover punitive damages and either actual damages or statutory damages, but not both. Harris v. Mexican Specialty Foods, Inc., 564 F.3d 1301, 1313 (11th Cir. 2009)(citing 15 U.S.C. § 1681n(a)). But "for negligent violations, a consumer can only recover 'any actual damages sustained by the consumer as a result of the failure.'" Santos, 90 F.4th at 1153 (quoting 15 U.S.C. § 1681o(a)(1)). Actual damages include mental anguish, time and money spent trying to correct the report, and reputational harm. Pinson v. JPMorgan Chase Bank, Nat'l Ass'n, 942 F.3d 1200, 1207-08, 1212-13 (11th Cir. 2019).

Here, Plaintiff has provided some evidence of damages recognizable under the FCRA. Plaintiff testified in her deposition that she suffered stress, sleepless nights, and wasted time.

Cooper Dep. 9:23-25, 70:11, 76:6-8. That suffices. <u>Losch</u>, 995 F.3d at 943-44 (holding that plaintiff's deposition testimony and affidavit of suffering stress, anxiety, lack of sleep, and wasted time was sufficient evidence "to raise a jury question about damages on the merits."). The credibility to be given to Plaintiff's damages is for the jury. Plus, because a reasonable jury could find Milliman willfully violated the FCRA, as will now be discussed, Plaintiff can recover statutory damages without proving any actual damages. <u>Santos</u>, 90 F.4th at 1153-54.

### (c) Willfulness

Lastly, Milliman asserts that that the willfulness claim must be dismissed as a matter of law because Plaintiff cannot show any violation was willful. Again, the Court disagrees.

"A violation is 'willful' for the purposes of the FCRA if the defendant violates the terms of the Act with knowledge or reckless disregard for the law." <u>Harris</u>, 564 F.3d at 1310 (citing <u>Safeco Ins. Co. of Am. v. Burr</u>, 551 U.S. 47, 59 (2007)). "'Recklessness' generally requires 'action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" <u>Williams v. First Advantage LNS Screening Sols. Inc</u>, 947 F.3d 735, 745 (11th Cir. 2020)(quoting <u>Safeco</u>, 551 U.S. at 68). "Thus, a company does not act in reckless disregard of [the FCRA] unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of

violating the law substantially greater than the risk associated with a reading that was merely careless." <u>Safeco</u>, 551 U.S. at 69. "A consumer reporting agency that adopts a reading of the Act that is 'not objectively unreasonable' based on the text of the Act, judicial precedent, or guidance from administrative agencies 'falls well short of raising the unjustifiably high risk of violating the statute necessary for reckless liability.'" <u>Pedro v. Equifax, Inc.</u>, 868 F.3d 1275, 1280 (11th Cir. 2017)(quoting <u>Safeco</u>, 551 U.S. at 70)(cleaned up).

    <u>Williams</u> is instructive. An agency erroneously attributed criminal records to a consumer when they in fact belonged to another individual with the same first name, last name, and date of birth but different social security number. <u>Id.</u> at 741. Despite revising its report after the consumer disputed the information, a second report from the same agency again erroneously attributed criminal records of the individual to the consumer. <u>Id.</u> It was determined that the agency did not review the prior dispute or the first report when generating the second report, <u>id.</u> at 742, and that the agency lacked a procedure to effectively block all information from the person it knew was not the consumer from appearing on the consumer's subsequent report. <u>Id.</u> at 743. The Eleventh Circuit held that a reasonable jury could conclude the agency willfully violated the FCRA. <u>Id.</u> at 745-46.

Similarly, Milliman's corporate representative here testified
that Milliman did not review the first report when preparing the
second report. Bolduc Dep. 60:7. The plaintiff in <u>Williams</u> also
shared the same first name, last name, and some social security
number digits as the other individual. A jury still found the
reporting agency there to have acted willfully and the Eleventh
Circuit reasoned "Defendant should have envisioned that, every now
and then, there could be two people living in the same state, with
the same name and the same date of birth." <u>Williams</u>, 947 F.3d at
763. So while Milliman insists the "mistakes" were "not the result
of intentional conduct" or recklessness, (Doc. #78, p. 21), but
because Plaintiff and the other individual share the same first
name, last name, date of birth, and some of the same digits in
their social security numbers and zip code, a reasonable jury could
disagree and find it willfully violated the FCRA. By the same
token, a reasonable jury could find that Milliman should have known
its batch blocking procedure, requiring an exact match, would fail
since Defendant changed the exact health insurance identifier
(HII) characters required from one report to another.

This portion of Defendant's motion is denied.

### 2. Count II:  Violation of § 1681i

Count II alleges a violation of § 1681i, which provides that
if a consumer disputes "the completeness or accuracy of any item
of information contained in a consumer's file," the reporting

agency "shall, free of charge, conduct a reasonable
reinvestigation to determine whether the disputed information is
inaccurate and record the current status of the disputed
information, or delete the item from the file in accordance with
paragraph (5), before the end of the 30-day period . . . ." 15
U.S.C. § 1681i(a)(1)(A). Paragraph (5) in turn states that a
"consumer reporting agency shall maintain reasonable procedures
designed to prevent the reappearance in a consumer's file, and in
consumer reports on the consumer, of information" previously
deleted. Id. § 1681i(a)(5)(C).

To succeed on a § 1681i claim, the plaintiff must show: (1)
the agency's file contained factually inaccurate information; (2)
that the procedures were not reasonable; and (3) that damages
followed as a result. See Losch, 995 F.3d at 944; Rhodes v. First
Advantage Background Servs. Corp., No. 24-11005, 2024 WL 4615775,
at *4 (11th Cir. Oct. 30, 2024).

Milliman argues Cooper has not, and cannot, show that: (1)
Milliman failed to follow reasonable reinvestigation procedures
and did not reinsert previously deleted information into
plaintiff's report; (2) Cooper suffered any damages; and (3) that
any violation was willful. For the reasons set forth above as to
Count I, the Court concludes that there are sufficient facts to
create a jury issue as to damages and willfulness.

The remaining issue is what constitutes "the reappearance .
. . . of information" previously deleted under § 1681i(a)(5). The
first report shows fifteen fills and refills of Dr. Newton's
flecainide acetate prescription at two different Georgia
pharmacies, identified by pharmacy ID numbers 1155072 and 1162659.
The report identified pharmacy number 1162659 as a CVS pharmacy
located at 5900 Watson Blvd., Warner Robins, GA, 31093. (Doc. #84-
3, p. 12.) The only difference between the fifteen entries are the
fill dates, which occurred between June 2019 and June 2022. The
second report shows one refill of Dr. Newton's flecainide acetate
prescription at pharmacy ID 1162659 on October 2022. Plaintiff
asserts this constitutes reappearing information under §
1681i(a)(5). Defendant argues it is not reappearing information
because the fill date differs from any prescription in the first
report.

The relevant statutory provisions state:

> If, after any reinvestigation under paragraph (1)
> of any information disputed by a consumer, an item of
> the information is found to be inaccurate or incomplete
> or cannot be verified, the consumer reporting agency
> shall—
>     (i)   promptly delete that item of information
>         from the file of the consumer, or modify
>         that item of information, as appropriate,
>         based on the results of the reinvestigation
>         . . . .

15 U.S.C. § 1681i(a)(5)(A). After deleting or modifying the
inaccurate, incomplete, or unverifiable information, a consumer

reporting agency should maintain reasonable procedures to ensure this information does not reappear. Id. § 16811(a)(5)(C). The statutory text unambiguously states that any reappearing information must have first been "disputed by a consumer," "reinvestigate[ed]" by the consumer reporting agency, "found to be inaccurate or incomplete or" unverifiable, and then "delete[d] . . . or modif[ied] . . . as appropriate, based on the results of the reinvestigation . . . ." Id. § 1681i(a)(5)(A).

So what information was disputed, reinvestigated, and deleted or modified? It is noted in Defendant's records that "app [was] disputing pharmacy in GA/belongs to another Barbara Cooper with the same DOB." (Doc. #80-1, p. 13.)[3] This is consistent with Plaintiff's deposition, where she testified that she "did not recognize locations where [she] supposedly had received medical care and refilled—filled prescriptions." Cooper Dep. 29:15-17. Defendant launched a reinvestigation and, because it "found that there was different ZIP codes that [Plaintiff] had never lived in," Strassburg Dep. 33:2-4, Defendant deleted information from the first report. The revised first report deleted the two Georgia pharmacies where Dr. Newton's flecainide acetate prescription were filled, identified by pharmacy ID numbers 1155072 and 1162659, from Plaintiff's report. (Doc. #84-6, p. 12.)

---

[3] Defendant's corporate representative testified that "app" means "applicant or consumer." Strassburg Dep. 73:15.

The information that was disputed by Plaintiff, reinvestigated by Defendant, found to be inaccurate, and ultimately deleted from the first report are the medication prescribed, the prescribing physician, and the dates and locations of the pharmacies where the prescription was filled and refilled. Milliman found its first report incorrectly stated Plaintiff received prescription refills at two Georgia pharmacies, identified as pharmacy numbers 1155072 and 1162659. The second report stated that Plaintiff received a prescription refill for the same medication prescribed by the same physician at pharmacy number 1162659 on a more recent date. This constituted reappearing information under § 1681i(a)(5).

But a reporting agency is not strictly liable simply because information reappeared in a consumer's file or report; an agency is only liable under section 5(c) if it failed to "maintain reasonable procedures designed to prevent the reappearance" of that information. 15 U.S.C. § 1681i(a)(5)(C). Milliman argues that its procedure to prevent reinsertion was reasonable as a matter of law. It specifically points to its blocking protocol that includes record-level blocking, which blocks specific fields of a record, and HII or "batch blocking," which blocks records based on the unique health insurance identifier of each individual within a particular health insurance company.

Milliman recognized that the prescription refills had a pattern of continuing. Strassburg Dep. 44:1-8. And it opined that only batch blocking could prevent future prescription refills from reappearing. Id. 45:4.[4] So, after the first report, Defendant implemented a batch block based off the HII. Id. 100:19-21. At the time, Defendant's policy only required using HII's first twenty characters. Id. 99:12-13. By the time of the second report, Defendant had switched its policy to require all of the HII's characters. Id. 99:13-16. Because batch blocking required "an exact match" to block, id. 101:6-15, the second report "didn't appropriately catch the elongated—or the full [HII]," id. 100:25-101:2, and a prescription refill reappeared.

Plaintiff argues that Defendant "knew or should have known that when it updated its policy . . . that any prior block of only a partial HII number would no longer be effective" and that the information would "reappear in consumer files." (Doc. #84, p. 19.) Plaintiff further argues that there is no evidence that Defendant implemented "any confirmation, testing, or monitoring whatsoever to make sure that the new procedure or policy change did not cause catastrophic effects to innocent consumers like Plaintiff." (Id.) Milliman counters that the error was simply an unforeseeable

---

[4] Record-blocking would generally only block a specific refill date, id. 45:8-10, the corporative representative explained, because it blocks a "whole line and everything associated with that line." Id. 46:19-20.

glitch. In support, it submits a declaration from a corporate representative stating that Defendant has a software change policy that it followed when changing its HII policy, "including pre-deployment testing and post-deployment monitoring." (Doc. #89, ¶ 4.)

The Court finds there is evidence the Defendant had a procedure in place but it is disputed whether the procedure was reasonable. Therefore, the disputed issues of fact necessarily preclude summary judgment. See Losch, 995 F.3d at 944.

### 3. Plaintiff's Motion For Partial Summary Judgment (Doc. #84)

Cooper also seeks summary judgment as to part of the case. Specifically, Cooper argues she is entitled to a judgment holding that (1) Milliman reported inaccurate information within the consumer reports about Cooper which it sold to the Insurer, and (2) Milliman's policies and procedures for preventing reinsertion of inaccurate information pursuant to § 1681i were unreasonable. Milliman responds that it has never disputed that her report contained information belonging to another consumer (Doc. #88, p. 2), but that its policies and procedures to prevent the reinsertion of inaccurate information are reasonable. (Id. at 2-3.)

"A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought." Fed. R. Civ. P. 56(a). Summary judgment is

appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id.  "If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g). "Rule 56(g) is 'ancillary' to the ultimate summary-judgment analysis, operating to 'salvage some results' from the time and resources spent in deciding unsuccessful summary-judgment motions." Kreg Therapeutics, Inc. v. VitalGo, Inc., 919 F.3d 405, 415 (7th Cir. 2019)(citing Wright & Miller, 10B Fed. Prac. & Proc. § 2737 (4th ed. 2018)).

The Court denies Cooper's request for summary judgment as to the unreasonableness of Milliman's policies and procedures for preventing reinsertion of inaccurate information pursuant to § 1681i.  As discussed in connection with Milliman's motion, the summary judgment evidence creates an issue of fact for a jury. Losch, 995 F.3d at 947 ("Just as we cannot hold that Experian's procedures were per se reasonable, we do not hold that they were per se unreasonable.")

However, pursuant to Fed. R. Civ. P. 56(g), the Court finds that the following material fact is not genuinely in dispute and will treat it as established in this case: The consumer reports

prepared by Milliman as to plaintiff Barbara Cooper in or about October and December, 2022, contained information belonging to another consumer and therefore contained inaccurate information as to plaintiff Barbara Cooper.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Partial Summary Judgment (Doc. #84) is **GRANTED IN PART AND DENIED IN PART.**

2. Defendant's Motion for Summary Judgment (Doc. #78) is **GRANTED IN PART AND DENIED IN PART.**

3. Pursuant to Fed. R. Civ. P. 56(g), the Court finds that the consumer reports prepared by Milliman as to Plaintiff Barbara Cooper in or about October and December, 2022, contained information belonging to another consumer and therefore contained inaccurate information as to Plaintiff Barbara Cooper.

**DONE and ORDERED** at Fort Myers, Florida, this ___7th___ day of April, 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record