```
           UNITED STATES DISTRICT COURT
            MIDDLE DISTRICT OF FLORIDA
               FORT MYERS DIVISION
```

BARBARA COOPER,

    Plaintiff,

v.                                    Case No:2:23-cv-28-JES-NPM

MILLIMAN, INC.,

    Defendant
_____

## **FINAL PRETRIAL CONFERENCE ORDER**

    This case came before the Court on April 25, 2025, for a final pretrial conference. The parties have filed a Joint Final Pretrial Statement (Doc. #116.)  The case will be governed by the following:

1. The operative pleadings are the Complaint (Doc. #1) and the Answer and Affirmative Defenses (Doc. #10.) Plaintiff is Barbara Cooper, and defendant is Milliman, Inc. The Court would note that Plaintiff's assertion that she has an unrestrained right to amend her pleadings and theories of the case based upon whatever evidence may be admitted at trial (Doc. #130, p. 9) overstates the caselaw.

2. Seven (7) jurors will be seated, including one "alternate."  If all the jurors remain at the start of

deliberations, the "alternate" will participate in such deliberations as a seventh juror. Fed. R. Civ. P. 48.

3. Each party is allotted three pre-emptory challenges, plus one extra pre-emptory challenge for the "alternate."

4. The Court will conduct the bulk of the voir dire, although the Court will allow counsel to ask <u>brief follow-up</u> questions of prospective jurors. As the Court explained at the final pretrial conference, no back-striking of jurors is permitted.

5. Jurors will be allowed to take notes during the trial if they wish to do so.

6. Jurors will be allowed to submit questions for witnesses to the Court if they wish to do so.

7. Counsel will not be permitted to make "interim statements" to the jury during the course of the trial.

8. The parties have submitted deposition designations for Angela Bolduc, Joanne Higinbotham, Donna Seely Ulloa, Joel Strassburg, and Scott Adam Cooper **in lieu of their** live testimony at trial, along with objections to portions of the transcripts. Attached to this Order are the Court's Rulings on those objections.

9. The Court has pre-admitted certain exhibits to which there were no objections from the opposing party.

Specifically, the following exhibits are admitted at trial and may be utilized by either party without any formalities relating to admission: Joint Exhibits J-1 through J-18 (see Doc. #116-1); Plaintiff's Exhibits P-1, 6, 7-10, 12, 15-20, 25-26 (see Doc. #116-2); and Defendant's Exhibits A, B, C, D, F, H, I, J, and K. (See Doc. #116-3)

10. The Court will bifurcate the trial to separate evidence relating to prospective punitive damages, including the financial condition of defendant Milliman, Inc., from the rest of the trial. If the jury returns with a verdict allowing punitive damages, then such evidence can be presented.

11. The parties intend to publish the stipulated facts from the Joint Final Pretrial Statement, (Doc. #116, pp. 8-13), and the portion of the Court's Order (Doc. #101, p. 23), by having the Court read the facts during its jury instructions. The parties should consider whether it makes sense to give the instructions prior to closing arguments.

12. The parties have filed various motions in limine and responses. A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually

offered." Luce v. United States, 469 U.S. 38, 40 n.2 (1984). These motions "are generally disfavored." Acevedo v. NCL (Bah.) Ltd., 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017). "Evidence is excluded upon a motion in limine only if the evidence is clearly inadmissible for any purpose." Id. Additionally, as the Supreme Court has cautioned:

> The ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.

Luce, 469 U.S. at 41-42. A denial of a motion in limine is not a ruling which affirmatively admits any particular evidence. Thus, while a subject matter is not excluded by denial of a motion, the Court makes no determination of the admissibility of any anticipated specific testimony from the witness. With these principles in mind, the Court resolves the motions in limine as follows:

  (a) Plaintiff's Motion In Limine To Exclude Testimony, Argument, and Evidence Concerning Attorneys' Fees and Costs (Doc. #103) seeks to preclude suggesting plaintiff's claims are

      brought under a fee-shifting statute and any reference to an award of costs or attorneys' fees. The issues of costs and attorney fees are for the Court to determine at the conclusion of the case, and do not involve the jury. The motion is **GRANTED** as to both sides.

(b) Plaintiff's Motion In Limine To Exclude Testimony, Argument, and Evidence Concerning Milliman's Dispute "Statistics" (Doc. #104) seeks to preclude Milliman from introducing evidence concerning statistics relating to the number of disputed claims and its error rate. The motion is **DENIED** as to the subject matter. The subject does not mandate an expert, and plaintiff's objections generally go to weight of the evidence and not its admissibility. Plaintiff may of course make specific objections to specific questions about the subject at trial.

(c) Plaintiff's Motion In Limine To Exclude Testimony, Argument, and Evidence Concerning Plaintiff's Mitigation of Damages (Doc. #105) seeks to preclude argument or statements that the Fair Credit Reporting Act (FCRA) imposes

- 5 -

      on plaintiff a duty to mitigate damages caused by Milliman's violations. The motion is **DENIED**. Whether mentioned in the FCRA or not, an injured party always has a duty to mitigate her damages, and failure to do so is a fair area of inquiry at trial. See Riley v. Equifax Info. Servs., LLC, No. 2:20-CV-312-SPC-NPM, 2021 WL 3738836, at *8-9 (M.D. Fla. Aug. 24, 2021).

(d) Plaintiff's Motion In Limine To Exclude Testimony, Argument, and Evidence Concerning Anthem's Matching Logic, Reliability, and Reasonableness of Anthem's Procedures (Doc. #107) seeks to preclude evidence as to the procedures used by Anthem, the source of the inaccurate information that Milliman reported about Plaintiff. The motion is **DENIED**. If there is a proper foundation established at trial, the subject matter is relevant and material. Whether specific testimony may be admitted cannot be determined in limine, so Plaintiff must raise specific objections to specific questions at trial.

(e) Defendant Milliman, Inc.'s Motion In Limine (Doc. #106) seeks to preclude an number of categories of evidence. Using the same numbering system as Milliman's brief, these subparts are resolved as follows:

(1) Milliman seeks to exclude any testimony or statement by plaintiff or her counsel regarding a specific measure of her damages because she declined to give a dollar amount during discovery. This portion of the motion is **DENIED**, but of course any prior inconsistent testimony may be the subject of impeachment.

(2) Milliman seeks to exclude any inquiry or reference at trial to possible preparation of any witness except expert witnesses. Because defendant has not sufficiently explained the scope of this request, and some conduct to "prepare" a witness may indeed be admissible, this portion of the motion is **DENIED.**

(3) Milliman seeks to exclude any evidence relating to the relative financial status of the parties, including the wealth of

       defendant and its principals and the impact of the alleged violation on plaintiff's finances. The motion is **GRANTED** as to the finances of Milliman unless and until the case proceeds to a determination of punitive damages or unless Milliman otherwise "opens the door." The motion is **DENIED** as to the impact of the alleged violation on plaintiff's finances.

(4) Milliman seeks to exclude references to the taxability of any judgment which may be awarded to plaintiff. This motion is **GRANTED**.

(5) Milliman seeks to exclude theories of recovery or damages not in the pleadings and non-compliant with the Federal Rules. Milliman does not identify any such new theories, and the Court declines to speculate. The motion is **DENIED,** with the caveat that the Court would not anticipate being impressed with new legal theories at this late date.

- 8 -

(6) Milliman seeks to bifurcate the issue of punitive damages and its financial condition. As noted above, the Court will bifurcate that portion of the trial. To that extent, the motion is **GRANTED.**

(7) Milliman seeks to exclude non-party witnesses other than expert witness from the courtroom during the proceedings. This motion is **GRANTED.**

(8) Milliman seeks to exclude references to the size of its legal team or the size of its attorney's law firm. This motion is **GRANTED** as to the law firms for each party.

(9) Milliman seeks to exclude reference to its insurance coverage, indemnity, or methods of conducting risk management/assessment. The motion is **GRANTED** as to insurance and indemnity, and **DENIED** as to risk management/assessment, some of which may be relevant in this case.

(10) Milliman seeks to exclude undisclosed expert opinions. Since there is no

- 9 -

suggestion that there are such opinions, the motion is **DENIED**.

(11) Milliman seeks to exclude reference to Pretrial Motions and Excluded Evidence. Although there is no suggestion that opposing counsel would do such a thing, the motion is **GRANTED**. Plaintiff's reference to the Court's evidentiary finding is not "excluded evidence."

(12) Milliman seeks to exclude evidence or argument regarding damages caused by the litigation itself. Milliman may be correct that such damages are not recoverable, but none of the cases it cites dealt with the FCRA or are binding on this court. The motion is **DENIED**.

13. During voir dire, the Court intends to read a brief statement summarizing the case to the prospective jurors, followed by the question of whether the jurors have heard anything about the case prior to coming to court. The parties may file their suggested statement on the morning of jury selection (or before).

14. Defendant stated that a testifying corporate representative requires access to an electronic device

- 10 -

for work matters. A separate Order granting counsel and the corporate representative permission to bring certain electronic devices into the building during trial will be issued.

15. In their cross motions for summary judgment, (Docs. ##78, 84), the parties disagreed on whether the second report contained reappearing information pursuant to 15 U.S.C. § 1681i. Defendant sought summary judgment in its favor based on the argument that Plaintiff's § 1681i claim failed because the second report did not contain any reappearing information pursuant to the statute. (See Doc. #78, p. 15.)  In resolving the motions, the Court examined the question of "what constitutes 'the reappearance . . . of information' . . . under § 1681i(a)(5)." (Doc. #101, p. 17.) After finding sufficient evidence existed to establish certain information "constituted reappearing information under § 1681i(a)(5)," (id. at p. 19), the Court denied both cross motions for summary judgment and let the claim go on to trial. The parties will be able to present evidence on whether Defendant "'maintain[ed] reasonable procedures designed to prevent the reappearance in a consumer's file, and in consumer reports on the

- 11 -

consumer, of information' previously deleted." (<u>Id.</u> at p. 16)(quoting 15 U.S.C. § 1681i(a)(5)(C)).

16. The anticipated length of jury trial is five (5) days.

17. Jury trial is set to commence on **May 12, 2025, at 10:00 a.m. in Courtroom 6A.**

**DONE and ORDERED** at Fort Myers, Florida, this __28th__ day of April 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record