UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BARBARA COOPER,

    Plaintiff,

v.                                Case No: 2:23-cv-28-JES-NPM

MILLIMAN, INC.,

    Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Plaintiff's Motion for Clarification, or, in the Alternative, Motion for Leave to File a Motion in Limine (Doc. #147) filed on May 4, 2025. Defendant filed a Response in Opposition (Doc. #155) on May 8, 2025. For the reasons set forth below, the motion is denied.

### I.

**A. Statement Requested is Denied**

Plaintiff first requests for this Court to "explicitly [state] that the information appearing in Plaintiff's second Milliman consumer report was reinserted and that this is an established fact for purposes of trial." (Doc. #147, p. 4.) The request is denied. Plaintiff insists the statement was established in this Court's summary judgment order. Not so. As already explained:

> In their cross motions for summary judgment, (Docs. ##78, 84), the parties disagreed on whether the second report contained reappearing information pursuant to 15 U.S.C. § 1681i. Defendant sought summary judgment in its favor based on the argument that Plaintiff's § 1681i claim failed because the second report did not contain any reappearing information pursuant to the statute. (See Doc. #78, p. 15.) In resolving the motions, the Court examined the question of "what constitutes 'the reappearance . . . of information' . . . under § 1681i(a)(5)." (Doc. #101, p. 17.) After finding sufficient evidence existed to establish certain information "constituted reappearing information under § 1681i(a)(5)," (id. at p. 19), the Court denied both cross motions for summary judgment and let the claim go on to trial. The parties will be able to present evidence on whether Defendant "'maintain[ed] reasonable procedures designed to prevent the reappearance in a consumer's file, and in consumer reports on the consumer, of information' previously deleted." (Id. at p. 16)(quoting 15 U.S.C. § 1681i(a)(5)(C)).

(Doc. #135, ¶ 15.) Again, the Court's summary judgment Order sought to answer the question of "what constitutes 'the reappearance . . . of information' . . . under § 1681i(a)(5)." (Doc. #101, p. 17.) The Order did not seek to establish as a fact for trial exactly what, if anything, in the second report was reinserted information—partly because Plaintiff's summary judgment motion never requested such relief. At most, Plaintiff's summary judgment motion requested the Court to establish one fact for trial: "that Milliman published inaccurate information in the Reports it sold to Aetna . . . ." (Doc. #84, p. 8.)

The Court recognized one fact for trial under Rule 56(g): "that the consumer reports prepared by Milliman as to Plaintiff Barbara Cooper in or about October and December, 2022, contained information belonging to another consumer and therefore contained inaccurate information as to Plaintiff Barbara Cooper." (Doc. #101, p. 23.) The § 1681i section of Plaintiff's brief made no similar request. (See Doc. #84, pp. 8-16.) The Court did not determine as a trial fact what was reappearing information in the second report.

**B. Leave is Denied**

Alternatively, "Plaintiff seeks leave to file a motion in limine to exclude any evidence, argument, or statements incompatible with this court's summary judgment ruling that the information contained in Plaintiff's second consumer report constituted reappearing information under 15 U.S.C. § 1681i(a)(5)." (Doc. #147, p. 4.)  The alternative request is denied. The proposed motion is improper because it is based on Plaintiff's erroneous reading of this Court's summary judgment Order, as explained above, and the time to file such a motion has expired. Per the Court's scheduling order, Motions in limine were due by April 7, 2025. (Doc. #76, p. 2.) No good cause is found and Plaintiff's arguments to the contrary are unpersuasive.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion for Clarification, or, in the Alternative, Motion for Leave to File a Motion in Limine (Doc. #147) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___12th___ day of May 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record