UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BARBARA COOPER,

    Plaintiff,

v.   Case No: 2:23-cv-28-JES-NPM

MILLIMAN, INC.,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of Plaintiff Barbara Cooper's Request for Judicial Notice (Doc. #154) filed on May 8, 2025. Defendant Milliman, Inc. filed a Response in Opposition (Doc. #156) on May 9, 2025. For the reasons set forth below, the motion is denied.[1]

**I.**

"Rule 201 of the Federal Rules of Evidence permits a court to 'judicially notice a fact that is not subject to reasonable dispute because it' either 'is generally known within the trial court's territorial jurisdiction' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" Bryant v. Ford, 967 F.3d 1272, 1275 (11th Cir. 2020) (quoting Fed. R. Evid. 201(b)).

---

[1] While Plaintiff insists his filing is a "request" and not a motion, any request for a court order is a motion. Fed. R. Civ. P. 7(b)(1).

Additionally, the fact must be "relevant to a determination of the claims presented in a case." Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC, 369 F.3d 1197, 1204 (11th Cir. 2004)(citing Fed. R. Evid. 201(b)). The power to take judicial notice, however, should be exercised with caution. Brown v. Piper, 91 U.S. 37, 42-43 (1875). "The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." Paez v. Sec'y, Fla. Dep't of Corrs., 947 F.3d 649, 652 (11th Cir. 2020) (quoting Shahar v. Bowers, 120 F. 3d 211, 214 (11th Cir. 1997)).

**II.**

The three documents in question were filed on the docket: (1) a webpage from the U.S. Census Bureau website entitled, "Frequently Occurring Surnames from the 2010 Census" and a corresponding Excel Spreadsheet from the same website; (2) a data table from the Social Security Administration website titled "Top Names Over the Last 100 Years"; and (3) an advisory opinion titled "Fair Credit Reporting; Name-Only Matching Procedures" published by the Consumer Financial

Protection Bureau within the Federal Register. (See Doc. #154-1, 2, 3.)[2]

The excel sheet from the U.S. Census Bureau ranks the top 1,000 frequently occurring surnames from the 2010 census, along with some demographic characteristics associated with that surname. For example, the excel sheet lists "Cooper" as the 70th most reported surname in the 2010 census with 280,791 people, of which only 2.4% are of Hispanic or Latino origin. (Doc. #154-1, p. 5.) The Social Security Administration table ranks "the 100 most popular given names for male and female babies born during the last 100 years, 1924-2023." (Doc. #154-2, p. 2.) It ranks "Barbara" as the 6th most popular given name for female babies in the last 100 years. (Id.)

The Court declines to take judicial notice of these first two documents because they are irrelevant. Here, another Barbara Cooper was confused with Plaintiff Barbara Cooper partly because they shared both the first and last name. (Doc. #116, pp. 10, 12.) It has never been alleged or argued that Defendant relied only on the given name "Barbara" or only on

---

[2] Plaintiff labeled these exhibits as "Exhibit A", "Exhibit B", and "Exhibit C". However, the exhibits appear on the Court's CM/ECF system as Exhibits 1, 2, and 3. The Court will cite each exhibit herein by the numerical number assigned to it by the Court's CM/ECF system.

the surname "Cooper" when formulating its reports. Thus, the only relevant name in this case is "Barbara Cooper."

That means the first document includes statistics and demographic information for 999 surnames that have zero relevance to this case. Similarly, the second document lists 199 given games and stats for each of those names that have zero relevance to this case. For this reason alone, taking judicial notice of the full documents as Plaintiff requests is improper.

Admittedly, the first document provides some insight into how popular the surname "Cooper" was and the second document provides some insight into how popular the given name "Barbara" has been.[3] But the documents are still irrelevant even if only those names are considered. This case

---

[3] The relevancy of the time periods is also concerning. The first document is data from before 2010. The reports in question here are from 2022. The second document ranks the 100 most popular baby given names cumulatively over a one-hundred-year span. The table itself notes a problem:

> Please note that popular names listed below are not necessarily consistently popular in every year. For example, the name James, ranked as the most popular male name over the last 100 years, has been ranked as low as number 19. Similarly, the most popular female name in the table, Mary, ranked as low as 135.

(Doc. #154-2, p. 2.) Thus, while "Mary" is ranked number one in this particular table, "Mary" would not have even appeared on the table in other years and no method exists to distinguish the data for relevant years. The same problem occurs with the name "Barbara".

does not concern just the name "Barbara" or just the name "Cooper" alone—it concerns the full name "Barbara Cooper." Because the first document ranks the "Cooper" surname alone, that means it accounts for not just Barbara Cooper but every other Cooper as well. And there is no way to separate just the subset of "Barbara Cooper"—the only name we care about— from all the other Cooper's. The same problem occurs for the second report but with given names. Plaintiff's request is denied as to the first two documents.

The third document is also denied due to irrelevancy. It is undisputed that the third document is an advisory opinion titled "Fair Credit Reporting; Name-Only Matching Procedures" published by the Consumer Financial Protection Bureau within the Federal Register. And courts must take judicial notice of the contents of the Federal Register if the contents are relevant. Vallot v. Cent. Gulf Lines, Inc., 641 F.2d 347, 351 (5th Cir. 1981).[4]

Plaintiff argues the third document is relevant because its content "discusses the reasonableness – or lack thereof – of procedures that do not appropriately account for

---

[4] The Eleventh Circuit "ha[s] adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit." In re Forrest, 47 F.4th 1229, 1235 n.3 (11th Cir. 2022)(citing Stein v. Reynolds Sec., Inc., 667 F.2d 33, 34 (11th Cir. 1982)).

commonly-named consumers when matching information in consumer reports to such consumers." (Doc. #154, p. 4.) Defendant counters that it is irrelevant because it focuses on "name only" matching and because it just restates the law on "reasonable procedures," which the Court will do in its jury instructions. (Doc. #156, p. 7.) The Court agrees with Defendant.

The advisory opinion largely does two things: It recounts the FCRA's background/requirements and establishes "that the practice of name-only matching in particular is far from sufficient to meet" the FCRA's requirement that agencies follow reasonable procedures to assure maximum possible accuracy. (Doc. #154-3, p. 11.) "Name-only matching", the document reads, "refers to matching information to the particular consumer who is the subject of a consumer report based solely on whether the consumer's first and last names are identical or similar to the first and last names associated with the information, without verifying the match using additional identifying information for the consumer." (Id.) Plaintiff has not shown the opinion would be relevant here, where the parties have stipulated that the matching information in common between the Barbara Cooper's was not just their name but also the same date of birth and at least

a partial zip code and social security number. (Doc. #116, pp. 10, 12.)

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Barbara Cooper's Request for Judicial Notice (Doc. #154) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this __12th__ day of May 2025.

_/s/ John E. Steele_
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 7 -