```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

BARBARA COOPER,

        Plaintiff,

  v.                                Case No.:  2:23-cv-00028-JES-NPM

MILLIMAN, INC.,

        Defendant,

_____

## OPINION AND ORDER

This matter comes before the Court on Plaintiff Barbara Cooper's (Cooper or Plaintiff) Renewed Motion for Judgement as a Matter of Law, Or, In the Alternative, Motion for a New Trial on Damages Only (Doc. #183) filed on June 13, 2025. Defendant Milliman, Inc. (Milliman or Defendant) filed a Response in Opposition (Doc. #193) on June 27, 2025. With permission from the Court, Plaintiff filed a Reply (Doc. #200) on July 18, 2025. For the reasons set forth below, the motion is denied.

### I.

This is a Fair Credit Reporting Act (FCRA) case involving two consumer reports. The Complaint (Doc. #1) alleged Defendant violated two separate FCRA provisions. Count I alleged violation of 15 U.S.C. § 1681e(b), which required Defendant to "follow reasonable procedures to assure maximum possible accuracy of the information" in Plaintiff's consumer reports. Id. Count II alleged violation of 15 U.S.C § 1681i, which pertinently required Defendant

to "maintain reasonable procedures designed to prevent the reappearance in a consumer's file, and in consumer reports on the consumer, of information that is deleted pursuant to th[e statute's] paragraph." Id. § 1681i(a)(5)(C). Plaintiff alleged Defendant either willfully or negligently violated these provisions. (Doc. #1, ¶¶ 134-35, 148-49.)

The two counts went before a jury, but only as to the second consumer report.[1] After the close of evidence, Plaintiff orally moved for a judgment as a matter of law. (Doc. #190, pp. 37-41.) The motion was denied. (Id. at p. 45.) The jury returned a verdict in favor of Defendant. (Doc. #174.) Pertinently, the jury found that Defendant failed to maintain reasonable procedures under § 1681i, but that Defendant only acted negligently and that Plaintiff suffered actual damages of zero dollars. (Id. at pp. 2-4.) Because "a mandatory element of a . . . § 1681i [claim] includes a showing of damages," (Doc. #200, p. 4)(citing Losch v. Nationstar Mortg. LLC, 995 F.3d 937 (11th Cir. 2021)), the Court directed the Clerk of Court to enter judgment in favor of Defendant. (Doc. #175.)

Plaintiff now moves for a renewed judgment as a matter of law or, alternatively, for a new trial solely on the issue of damages. In Plaintiff's eyes, the jury "rightly" found Defendant violated

---

[1] In summary judgment, the Court held that Defendant's procedures as to the first report could not have been unreasonable as a matter of law. (Doc. #101, pp. 9-11.)

§ 1681i but "inexplicably" found Plaintiff suffered zero damages. (Doc. #183, pp. 5, 10.) The jury's finding of zero damages is contrary to law, Plaintiff says, because by finding Defendant violated § 1681i, the jury necessarily found Defendant "published an inaccurate report about Plaintiff," and binding precedent holds "false reporting is harmful per se . . . entitl[ing] [Plaintiff] to some amount of damages, be it nominal damages of $1 or otherwise." (Id. at pp. 10-12.) Plaintiff adds that a new trial solely on damages is warranted because the Court erroneously instructed the jury on mitigation of damages. (Id. at pp. 14-16.)

Plaintiff requests the Court grant her "Renewed Motion for Judgment as a Matter of Law and enter a damages award of, at a minimum, nominal damages in the amount of $1." (Id. at p. 13.) In the alternative, Plaintiff requests the Court "enter an Order for a New Trial on the issue of the amount of Plaintiff's damages, with a jury instruction that specifies that – at minimum – the jury must enter a damages award for nominal damages of $1." (Id. at p. 16.)

**II.**

**A. Renewed Judgment as a Matter of Law**

"Federal Rule of Civil Procedure 50 . . . governs motions for judgment as a matter of law in jury trials." Weisgram v. Marley Co., 528 U.S. 440, 447 (2000). Rule 50 "sets forth the procedural

3

requirements for challenging the sufficiency of the evidence in a civil jury trial and establishes two stages for such challenges—prior to submission of the case to the jury, and after the verdict and entry of judgment." Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 399 (2006). Rule 50(a) permits a court to enter judgment as a matter of law when "a reasonable jury would not have a legally sufficient evidentiary basis to find" otherwise. Fed. R. Civ. P. 50(a)(1). "If a district court does not grant the motion, the movant may file 'a renewed motion,' under Rule 50(b), after trial." McGinnis v. Am. Home Mortg. Servicing, Inc., 817 F.3d 1241, 1254 (11th Cir. 2016)(quoting Fed. R. Civ. P. 50(b)).

The renewal rule requires trial courts to "compare the grounds originally argued by the movant in its Rule 50(a) motion" with those argued by the movant in its Rule 50(b) motion to ensure the arguments are at least closely related. Abel v. Dubberly, 210 F.3d 1334, 1338 (11th Cir. 2000). Arguments are closely related if opposing counsel and the trial court may be deemed to have notice of the deficiencies asserted by the moving party. Howard v. Walgreen Co., 605 F.3d 1239, 1243 (11th Cir. 2010). "[I]f the grounds are not closely related, then the district court may not rely on the later-advanced grounds in granting the motion." Abel, 210 F.3d at 1338.[2]

---

[2] The purpose of the rule is to avoid unfair surprise:

4

"Regardless of timing, however, in deciding on a Rule 50 motion a district court's proper analysis is squarely and narrowly focused on the sufficiency of evidence." Chaney v. City of Orlando, Fla., 483 F.3d 1221, 1227 (11th Cir. 2007). The court should review all of the evidence in the record:

> In doing so, however, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence favoring the nonmovant as well as that "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses."

Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000)(citations omitted). "[A] jury's verdict 'will not be overturned unless no rational trier of fact could have reached the same conclusion based upon the evidence in the record,'" Mamani v.

---

> When a claimed deficiency in the evidence is called to the attention of the trial judge and of counsel before the jury has commenced deliberations, counsel still may do whatever can be done to mend his case. But if the court and counsel learn of such a claim for the first time after verdict, both are ambushed and nothing can be done except by way of a complete new trial. It is contrary to the spirit of our procedures to permit counsel to be sandbagged by such tactics or the trial court to be so put in error.

McGinnis, 817 F.3d at 1260-61 (quoting Quinn v. Sw. Wood Prods., Inc., 597 F.2d 1018, 1025 (5th Cir. 1979)).

5

Sanchez Bustamante, 968 F.3d 1216, 1230 (11th Cir. 2020)(quoting Nat'l Fire Ins. Co. of Hartford v. Fortune Const. Co., 320 F.3d 1260, 1267 (11th Cir. 2003)).

   **B. New Trial**

"Following a jury trial, a district court 'may, on motion, grant a new trial on all or some of the issues . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court.'" Gray v. Koch Foods, Inc., No. 22-13214, 2025 WL 1932964, at *8 (11th Cir. July 15, 2025)(quoting Fed. R. Civ. P. 59(a)(1)(A)). "When ruling on a motion for a new trial, a trial judge must determine 'if in his opinion, the verdict is against the clear weight of the evidence . . . or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.'" Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1556 (11th Cir. 1984)(citation modified)(quoting United States v. Bucon Construction Co., 430 F.2d 420, 423 (5th Cir. 1970)).

When motions for a new trial attack the weight of the evidence, the question for the trial judge "is whether or not reasonable jurors could have concluded as this jury did based upon the evidence presented." Griffin v. Swim-Tech Corp., 722 F.2d 677, 679 n.1 (11th Cir. 1984). Unlike with motions for judgment as a matter of law, "in a motion for a new trial the judge is free to weigh the evidence." McGinnis, 817 F.3d at 1254-55 (quoting Rabun v.

6

Kimberly-Clark Corp._,_ 678 F.2d 1053, 1060 (11th Cir. 1982)). "[T]he trial court is to view not only that evidence favoring the jury verdict but evidence in favor of the moving party as well." Id. (quoting Williams v. City of Valdosta_,_ 689 F.2d 964, 973 (11th Cir. 1982)). But "new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence." Hewitt, 732 F.2d at 1556 (quoting Conway v. Chemical Leaman Tank Lines, Inc._,_ 610 F.2d 360, 363 (5th Cir. 1980)).

### III.

#### A. Renewed Judgment as a Matter of Law

Renewed motions for judgment as a matter of law are limited to sufficiency of the evidence arguments raised previously. Plaintiff's renewed motion fails because it is neither limited to a sufficiency of the evidence argument nor was it raised previously. Plaintiff argues she "is entitled to judgment as a matter of law because the jury's Verdict that Milliman negligently violated § 1681i of the FCRA is inconsistent with its award of $0 in actual damages." (Doc. #183, p. 10)(emphasis added). However, "[i]n considering a Rule 50(b) motion after the jury verdict, only the sufficiency of the evidence matters. The jury's findings are irrelevant." Ruckh v. Salus Rehab., LLC, 963 F.3d 1089, 1099 (11th Cir. 2020)(citation modified)(quoting Cadle v. GEICO Gen. Ins. Co., 838 F.3d 1113, 1121 (11th Cir. 2016)). To support her argument

7

that the jury's findings required an award of some damages, Plaintiff exclusively relies on case law even though "[a] sufficiency analysis involves only a review of the evidence," nothing more. Taxinet Corp. v. Leon, 114 F.4th 1212, 1223 n.5 (11th Cir. 2024). Plaintiff's Rule 50(b) argument must be denied because it turns on the jury's findings instead of the evidence. Connelly v. Metro. Atlanta Rapid Transit Auth., 764 F.3d 1358, 1363-64 (11th Cir. 2014)(holding the trial court erred when it granted a Rule 50(b) motion on a perceived inconsistent finding by the jury instead of solely on the sufficiency of the evidence).

Plaintiff's renewed Rule 50(b) motion must also be denied because it was not previously raised. Plaintiff argues that she did not have to specifically raise her nominal damages and defamation per se argument previously because, by making a Rule 50(a) motion, that argument was "implicit" and "implied". (Doc. #200, pp. 5-6.) That argument fails. "A motion for directed verdict should state specifically the grounds for the motion." Nat'l Indus., Inc. v. Sharon Steel Corp., 781 F.2d 1545, 1548 (11th Cir. 1986)(citing Fed. R. Civ. P. 50(a)). Even a liberal application of the renewal rule requires a movant to "clearly point[ ] out a claimed evidentiary deficiency to court and counsel, not by way of conversation or speculation but on the record in an unambiguous formal motion for relief." McGinnis, 817 F.3d at 1262 (alteration in original)(quoting Quinn v. Sw. Wood Prods., Inc., 597 F.2d 1018,

8

1025 (5th Cir. 1979)). "Simply linking any argument made in support of a Rule 50(a) motion regarding evidentiary sufficiency does not open up every minimally related evidentiary challenge as fair game in a Rule 50(b) motion." Id. at 1263.

Beyond Plaintiff's erroneous proposition, it is evident that Plaintiff did not previously raise her Rule 50(b) argument. Plaintiff could not possibly have raised her argument that the jury's verdict is inconsistent before the verdict was returned. Chaney, 483 F.3d at 1228 ("The fact that Rule 50(b) uses the word 'renew[ed]' makes clear that a Rule 50(b) motion should be decided in the same way it would have been decided prior to the jury's verdict, and that the jury's particular findings are not germane to the legal analysis."). Plaintiff's Rule 50(a) arguments went exclusively to the reasonableness of procedures and the reappearance of information.[3] (See Doc. #190, pp. 38-41.) It cannot be said they gave opposing counsel or this Court notice that the

---

[3] Plaintiff does not argue that she raised her Rule 50(b) argument at the charge conference. See McGinnis, 817 F.3d at 1263. The argument would have failed even if it had been made. It still cannot be true Plaintiff raised an argument regarding the jury's verdict before the jury gave that verdict. And though Plaintiff did make an objection based on defamation per se at the charge conference, the argument was limited to § 1681e(b), (Doc. #190, p. 64), actual damages,(id.), and, after the Court consequently made a change to the jury instructions to appease Plaintiff, Plaintiff's counsel responded that the change was "acceptable" to him. (Id. at p. 76.) No further pertinent objections were made. It cannot be said that the charge conference put opposing counsel or this Court on notice that an evidentiary deficiency persisted as to § 1681i or on nominal damages.

9

jury's finding of false reporting entitled Plaintiff to at least nominal damages, as Plaintiff now posits.

Even if Plaintiff properly raised a sufficiency of the evidence argument raised previously, it would still fail. The jury found Defendant's second report negligently violated § 1681i. (Doc. #174, pp. 2-3.) Plaintiff does not dispute that finding. Because the jury only found a negligent violation of the FCRA, they properly only considered awarding actual damages. Santos v. Healthcare Revenue Recovery Grp., LLC., 90 F.4th 1144, 1153 (11th Cir. 2024)(citing 15 U.S.C. § 1681o(a)(1)). And the evidence on the record sufficed for a reasonable jury to find Plaintiff suffered zero actual damages.

The parties' stipulated facts, which were read to the jury, were as follows: Defendant gave the insurance company a revised and corrected version of Plaintiff's first consumer report on November 26, 2022. (Doc. #190, p. 29.) Plaintiff then reapplied with the insurance company on December 5, 2022. (Id. at p. 30.) As part of the application process, the Defendant generated a new consumer report, the second report, and sent it to the insurance company that same day. (Id.) The insurance company automatically declined Plaintiff's renewed application because of information on Defendant's second report. (Id. at p. 31.) The insurance company, however, realized Plaintiff's application was automatically declined because of incorrect information after it compared the

10

second report with the corrected first report. (Id.) The insurance company manually overrode the decline and approved Plaintiff's renewed application on December 6, 2022. (Id.) Plaintiff at no point lost insurance. (Id.)

Admitted into evidence was an email between Plaintiff and her insurance broker, where the insurance broker gave his impression of what occurred:

> When we submitted your 2nd application on 12/5, it went thru an auto-underwriting process and it was auto-declined before it got to an Under Writer. The reason Aetna gave us for the auto-decline on the 2nd application was: Medication - Flecainide Acetate / Prescribed by Dr. Wiggins. This information was not accurate and when Aetna Underwriting looked at your corrected report (900+ items all cross out) – they overturned the Auto-Decline and approved it. Because they overturned the decline so quicky (within 24 hours), a decline letter was not mailed to you.

(Ex. J-13.) Plaintiff confirmed in her testimony that she was automatically declined, subsequently approved, and that the declination letter did not reach her. (Doc. #186, p. 182.) Plaintiff's own expert testified that Plaintiff's reapplication was "expeditiously" approved. (Doc. #187, p. 143.) Plaintiff further testified that she did not lose wages and that she did not seek professional help for any of the emotional responses she alleged the second false report brought about—frustration, stress, feeling helpless, etc. (Doc. #187, pp. 21-22.) Sufficient evidence existed for the jury to reasonably find the second report, or

11

Defendant's actions underlying it, caused Plaintiff zero actual damages.

Plaintiff's renewed motion for judgment as a matter of law is denied because it does not properly raise a sufficiency of the evidence argument previously raised. Even if it had, Plaintiff's motion must still be denied because sufficient evidence existed for the jury to find Plaintiff suffered zero actual damages.

**B. New Trial**

Plaintiff moves for a new trial on two grounds: (1) the same argument that, having found Defendant violated § 1681i, the jury must have awarded Plaintiff at least nominal damages and (2) the Court's jury instruction on mitigation of damages was erroneous.[4] Both are unpersuasive.

Plaintiff suffered no prejudice or miscarriage of justice when the jury found no actual damages. As discussed previously herein, the jury found Defendant only negligently violated § 1681i and thus rightly only considered awarding actual damages. Santos, 90 F.4th at 1153 (citing 15 U.S.C. § 1681o(a)(1)). Losch, Pedro v.

---

[4] Unlike her motion for a renewed judgment as a matter of law, Plaintiff's motion for a new trial is not limited to sufficiency of the evidence arguments raised previously. See Gill as Next Friend of K.C.R. v. Judd, 941 F.3d 504, 527-28 (11th Cir. 2019) (explaining that a motion for a new trial is not limited to arguments advanced in a pre-verdict motion); see also Gasperini v. Ctr. for Humans., Inc., 518 U.S. 415, 433 (1996)(stating that Rule 59's broad language authorizes trial courts to order new trials for a myriad of reasons).

Equifax, Inc., 868 F.3d 1275 (11th Cir. 2017), and TransUnion LLC v. Ramirez, 594 U.S. 413 (2021) do not stand for the proposition that inaccurate reporting under the FCRA is akin to defamation per se entitling a plaintiff to at least nominal damages, as Plaintiff posits. All three cases did analogize FCRA false reporting to defamation, but strictly when considering questions of standing. Losch, 995 F.3d at 942-43; Pedro, 868 F.3d at 1279-80; Ramirez, 594 U.S. at 432. The courts did so because "[c]entral to assessing concreteness is whether the asserted harm has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts." Ramirez, 594 U.S. at 417.

Standing and damages are different. See id. at 426-27. Standing is jurisdictional and ensures a particular legal injury is redressable by federal courts. Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016); Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008). Damages is the sum recoverable for the legal injury. Goodyear v. Discala, 269 Conn. 507, 518-19 (2004); American Stevedores, Inc. v. Porello, 330 U.S. 446, 450, n. 6 (1947). Even though the FCRA "creates a cause of action for consumers to sue and recover damages for certain violations," "Congress's creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III . . . ."

13

Ramirez, 594 U.S. at 419, 426. If a federal court does ultimately have jurisdiction over a particular injury, its "authority to recognize a damages remedy must rest at bottom on a statute enacted by Congress . . . ." Hernandez v. Mesa, 589 U.S. 93, 101 (2020).

For the FCRA, that statute is 15 U.S.C. § 1681o or 15 U.S.C. § 1681n, depending on whether the violation was willful or negligent. Collins v. Experian Info. Sols., Inc., 775 F.3d 1330, 1333 (11th Cir. 2015). If the FCRA violation is negligent, the statute enacted by Congress only allows the recovery of actual damages. Santos, 90 F.4th at 1153 (citing 15 U.S.C. § 1681o(a)(1)). Thus, this Court has jurisdiction over this FCRA injury because false reporting is a concrete harm sufficiently analogous to defamation, but the damages awardable for such an injury is limited to those proscribed by Congress, in this case actual damages. Plaintiff is therefore not entitled to nominal damages.

Furthermore, the jury's finding of zero actual damages is not against the great weight of the evidence. Plaintiff does not point the Court to any particular piece of evidence. But, upon an independent review of the record, it is true that Plaintiff's husband, friend, and Plaintiff herself testified that she felt frustrated, stressed, helpless, and expended effort to correct the false reporting. But the evidence advancing damages does not outweigh the other evidence previously discussed cutting the other way, namely that despite the incorrect second report, Plaintiff's

14

insurance application was expeditiously approved without loss of insurance, wages, or treatment for Plaintiff's alleged emotional responses. Plaintiff's motion for a new trial based on the actual damages awarded is denied.

Nor did Plaintiff suffer prejudice or a miscarriage of justice under the Court's mitigation of damages jury instruction, which read:

> [Defendant] asserts the affirmative defense of Failure to Mitigate damages. Anyone who claims loss or damages as a result of an alleged wrongful act by another has a duty under the law to "mitigate" those damages — to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage. If you find that [Defendant] has proved by a preponderance of the evidence that [Plaintiff] did not seek out or take advantage of a reasonable opportunity to reduce or minimize her loss or damage under all the circumstances, you should reduce the amount of [Plaintiff]'s damages by the amount by which [Plaintiff] could have reasonably reduced her damages. While [Defendant] does not have to disprove [Plaintiff]'s claims, the only way [Defendant] can prevail on this defense is to prove it by a preponderance of the evidence.

(Doc. #169, pp. 15-16.) Plaintiff argues that this instruction was erroneous because there is no duty to mitigate damages under the FCRA and because a reasonable jury could have read the instruction to read "that if [Defendant] met its burden to show that Plaintiff's damages should be reduced at all, the proper course of action was to reduce Plaintiff's damages award to $0." (Doc. #183, p. 16.) Neither argument is persuasive.

15

Plaintiff has raised the argument that a mitigation of damages instruction is improper because there is no duty to mitigate damages under the FCRA four times: in a motion in limine, (Doc. #105), in the parties' proposed jury instructions, (Doc. #115, p. 58), at the charge conference, (Doc. #190, p. 83), and in the present motion. (Doc. #183, p. 15-16.) In none did Plaintiff cite to any authority holding that FCRA plaintiffs are exempt from the general duty to mitigate damages. See Toucan Partners, LLC v. Hernando Cnty., Fla., 571 F. App'x 737, 743 (11th Cir. 2014)("As the Supreme Court has explained, tort law generally recognizes the doctrine of [mitigation of damages] 'under which victims have a duty to use such means as are reasonable under the circumstances to avoid or minimize the damages that result from' a legal wrong." (citation omitted)).[5] Similar arguments have been rejected by other courts, see Riley v. Equifax Info. Servs., LLC, No. 2:20-CV-312-SPC-NPM, 2021 WL 3738836, at *8-9 (M.D. Fla. Aug. 24, 2021); Smith v. Experian Info. Sols., Inc., No. 2:24-CV-408-PPS-JEM, 2025 WL 973492, at *2 (N.D. Ind. Apr. 1, 2025), and this Court does too.

Plaintiff's second grievance with the mitigation jury instruction is also unpersuasive. The jury instruction explicitly stated that if Defendant "proved by a preponderance of the evidence

---

[5] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." Bonilla v. Baker Concrete Const., Inc., 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

16

that [Plaintiff]" did not mitigate her damages, the jury "should reduce the amount of [Plaintiff]'s damages by the amount by which [Plaintiff] could have reasonably reduced her damages." (Doc. #169, pp. 15-16.) No reasonable juror could have understood this to mean "that if [Defendant] met its burden to show that Plaintiff's damages should be reduced at all, the proper course of action was to reduce Plaintiff's damages award to $0," (Doc. #183, p. 16), as Plaintiff argues. Plaintiff's motion for a new trial is denied.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Renewed Motion for Judgement as a Matter of Law, Or, In the Alternative, Motion for a New Trial on Damages Only (Doc. #183) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this \_\_\_7th\_\_\_ day of August 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

17